IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ELIJAH WILLIAMS, #165 095           *

    Petitioner,                             *

v.                                                 *        2:08-CV-896-TMH
                                                                     (WO)

GARY HETZEL, WARDEN *et al.*,       *

    Respondents.                         *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Elijah Williams, a state inmate, on November 2, 2008. In this petition, Petitioner seeks to challenge his conviction, pursuant to his plea of guilty, for murder entered against him by the Circuit Court for Butler County, Alabama on October 18, 1991. This conviction was made final by operation of law on November 29, 1991.

In accordance with the orders of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Petitioner's conviction became final in 1991, before the effective date of the

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition. *(Doc. No. 10.)* Although Petitioner filed state post-conviction petitions challenging his murder conviction on July 10, 2000, June 8, 2006, and October 3, 2006, these actions had no effect on the limitation period as these collateral challenges were filed after the federal limitation period had already expired. (*See Id. Exhs. A-J.*) Petitioner's conviction became final prior to April 24, 1996, thus, he had until April 24, 1997 to challenge his 1991 conviction.

Based on Respondents' argument, the court entered an order advising Petitioner that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 11.*) The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id.*) Petitioner took the opportunity granted to file a response. (*See Doc. No. 12.*) In his response, Petitioner argues that his jurisdictional claim is due to be adjudicated on the merits. (*Id.*) Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I. DISCUSSION

*A. Statute of Limitations*

   *1. Statutory Tolling*

   A one year statute of limitations is applicable to habeas corpus petitions filed in non-

capital cases for persons convicted in a state court. 28 U.S.C. § 2244(d)(1).[2] 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.

Petitioner entered a guilty plea to murder in the Circuit Court for Butler County on October 18, 1991. The trial court sentenced Petitioner to a term of 25 years imprisonment. Petitioner did not appeal his conviction or sentence. Since Petitioner failed to undertake the

---

This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

direct appeal process, he could not petition the United States Supreme Court for review of his conviction and/or sentence. By operation of law, Petitioner's conviction became final on November 29, 1991- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.

In light of the foregoing, it is clear that Petitioner's murder conviction became final prior to enactment of the AEDPA. Thus, if the AEDPA were applied retroactively, the one-year limitation period contained in section 2244(d)(1)(A) would have expired on Petitioner's conviction in 1992. However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Williams], whose convictions became final long prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court further held that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date."

As previously noted, Petitioner's murder conviction became final in November of 1991. The applicable limitation period therefore began to run on April 24, 1996 upon

4

enactment of the AEDPA and ran uninterrupted until its expiration. In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on April 24, 1997. Petitioner's first collateral petition was filed on July 10, 2000, more than three years after the applicable limitation period expired. Consequently, it had no effect on the limitation period. *See Webster*, 199 F.3d at1259; *see also Tinker*, 255 F.3d at 1335 n.4. The instant habeas petition was filed on November 2, 2008. Under the circumstances of this case as outlined herein, the reasonable time period afforded Petitioner under *Goodman* and *Wilcox* expired over eleven (11) years prior to Petitioner filing his federal habeas petition.

*2. Equitable Tolling*

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Petitioner claims that the filing of this petition beyond the limitation period should be excused. In support of his ground for equitable tolling, Petitioner argues that the challenge to his conviction and sentence is jurisdictional and thus, the court should address the merits of his habeas petition.[3]  (*Doc. No. 12*.)

As noted above, equitable tolling is appropriate when a petitioner fails to timely file his petition due to extraordinary circumstances beyond his control and unavoidable even with diligence. *Sandvik* 177 F.3d at 1271;  *Steed v. Head,* 219 F.3d 1298,  1300 (11th Cir. 2000). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy.  *Drew,* 297 F.3d at 1286.  Petitioner's contention  that the claim he presents for review is jurisdictional in nature and, thus, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) is unavailing. Neither 28 U.S.C. § 2244(d) nor federal case law makes such an exception for jurisdictional issues arising under state law.

Based on the foregoing analysis, the court concludes that Petitioner has failed to assert any credible basis for either equitable or statutory tolling of the limitation period until he filed this cause of action.  The reason set forth by Petitioner for his untimeliness is insufficient to establish the extraordinary circumstances required to toll the limitation period.

---

Petitioner claims that the trial court lacked jurisdiction to accept his guilty plea because his indictment was void where it failed to allege that the crime was committed "against the peace and dignity of the State of Alabama" as required by Ala. Code § 15-8-3 (1975).  (*See Doc. No. 1*.)

The factual predicate of the claim was available to Petitioner at the time of his conviction and sentence. Further, the claim presented in this petition is not based on a newly recognized constitutional right.

In this case, Petitioner provides no explanation as to why he failed to timely file his petition for habeas relief nor has he alleged the existence of extraordinary circumstances beyond his control that prevented him from filing a timely petition, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claim and in bringing forth his habeas petition. There is no evidence in the record tending to show that Petitioner' delay in filing the instant § 2254 petition was the result of extraordinary circumstances that were beyond his control and unavoidable with the exercise of diligence. Petitioner presents nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the conscience, good faith, and reasonable diligence necessary to call into action the powers of the court. This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5 (internal quotations omitted). Consequently, Petitioner is not entitled to equitable tolling of the limitation period as he has shown neither extraordinary circumstances nor the diligence necessary to toll the statute. *See Sandvik*, 177 F.3d at 1271.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Elijah Williams be DENIED and DISMISSED with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 20, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done, this 9th day of January 2009.

                                      /s/Terry F. Moorer  
                                      TERRY F. MOORER  
                                      UNITED STATES MAGISTRATE JUDGE